**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL AVERSANO, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

SANTANDER BANK, N.A.,

    Defendant.

Civil Action No. 17-12694 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant Santander Bank, N.A.'s ("Defendant" or "the Bank") Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 18.) Plaintiff Paul Aversano ("Plaintiff" or "Mr. Aversano") filed opposition (ECF No. 22), and Defendant filed a reply (ECF No. 25). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is granted.

**I.    Background**[1]

    On June 26, 2007, Plaintiff obtained a second mortgage on his property in the amount of $250,000 from Defendant,[2] at a rate of 7.24%. (Am. Compl. ¶¶ 8-9, 12, ECF No. 12.) On the first two pages of the promissory note, the Truth-in-Lending Act ("TILA") disclosures "showed an

---

[1] For the purposes of this motion to dismiss, the Court accepts as true and summarizes the facts alleged in the Amended Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] Plaintiff's initial loan was obtained from Sovereign Bank, which, according to the Complaint, later "rebrand[ed]" to Santander Bank. (Am. Compl. ¶¶ 4, 8, 18.)

interest rate (7.2400%), total cost of credit ($363,348.40), the amount of credit provided ($250,000) and the amount Mr. Aversano would have paid after making all scheduled payments ($613,348.40)." (*Id.* ¶ 12.) Plaintiff's payment schedule called for 360 payments, each in the amount of $1,703.74, due on the 30th day of each month, beginning on July 30, 2007. (*Id.* ¶ 13.) Additionally, the promissory note and disclosures indicated that where the letter "e" was appended to a number, that number was an estimate. (*Id.* ¶ 15.) The promissory note also contained a provision "like most conventional mortgages" providing a fifteen-day grace period for late payments. (*Id.* ¶ 17.) Before signing the note, Plaintiff checked the calculations through an online calculator where he confirmed that the numbers were correct for a conventional fixed rate mortgage. (*Id.* ¶ 14.)

Plaintiff made regular monthly payments to Defendant for the next 10 years. (*Id.* ¶ 18.) Plaintiff skipped four payments—February 2009, February 2010, February 2011, and February 2012—which extended the life of the loan by four months. (*Id.* ¶ 30.) Each time Plaintiff sought to skip a payment, he was required to sign a certification acknowledging that the maturity date would be extended and that "interest [would] continue to accrue on the entire outstanding balance, including the month [he] skip[ped] [his] payment." (*Id.*)

In July 2017, Plaintiff sought to refinance the loan, so he contacted Defendant and asked for the payoff amount. (*Id.* ¶ 25.) Defendant provided Plaintiff with a number that was $11,000 higher than Plaintiff anticipated. (*Id.* ¶ 26.) The Bank advised Plaintiff that the discrepancy was because the mortgage interest was compounded as a simple interest loan, not as a conventional mortgage. (*Id.* ¶¶ 27-28.) Plaintiff subsequently reviewed the promissory note and "realized" that interest was compounding daily, not monthly as he anticipated. Specifically, paragraph 4 of the Promissory Note, titled "Interest Rate" read:

2

> Interest is imposed each day at the daily equivalent of the annual rate as provided in this Paragraph 4. The Finance Charge disclosed on Page 1 was computed by assuming that all months have an equal number of days and all payments were made as scheduled. If I pay late, I will owe more interest. If I pay early[,] I will owe less interest.

(Am. Compl., Ex. A, ¶ 4, ECF No. 12-1.)

Plaintiff claims that it was inappropriate for the Bank to impose daily interest when: (1) the TILA Disclosures "showed interest compounding monthly as expected with a conventional mortgage"; (2) the disclosures did not state that they were the result of an estimate; (3) Santander "has represented to [Plaintiff], repeatedly, that interest accrued monthly"; and (4) Santander reported the mortgage to credit reporting agencies as a "Conventional [Real Estate] Mortgage." (Am. Compl. ¶ 31.)

On December 6, 2017, Plaintiff filed a purported class action Complaint, which he later amended on February 26, 2018. (ECF Nos. 1, 12.) The Amended Complaint asserts: (1) violations of TILA; (2) breach of contract; (3) common law fraud; (4) fraudulent inducement; (5) violation of the New Jersey Consumer Fraud Act; and (6) unjust enrichment. (*See generally* Am. Compl.) Defendant now moves to dismiss the Amended Complaint. (Def.'s Moving Br., ECF No. 18-1.)

## II. Legal Standard

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff. . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

(citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. Discussion

### 1. TILA

Defendant argues that the TILA claim fails both because it is time-barred and because the Complaint does not state a viable TILA claim. (Def.'s Moving Br. 9-16.) TILA requires lenders to make certain disclosures, such as the payment schedule, annual percentage rates, and charges imposed due to a late payment. *See* 12 C.F.R. § 226.18. A party has a private right of action if disclosures are inaccurate. *See* 15 U.S.C. § 1640. To have an actionable claim, a plaintiff must bring an action within "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The accuracy and adequacy of the disclosures are measured as of the time that the credit is extended. *See Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296 (3d Cir. 1978). Disclosures, therefore, may be based on the assumption that the parties adhere to a specific payment schedule. *Haynes v. Homeq Servicing Corp.*, No. 04-1081, 2006 WL 2167375, at *7 (M.D. Tenn. Aug. 1, 2006). Changes due to unforeseen circumstances—such as late or

4

missed payments—do not need to be anticipated in the initial disclosures. *Rossman v. Fleet Bank (R.I.) Nat. Ass'n*, 280 F.3d 384, 393 (3d Cir. 2002).[3]

A statute of limitations defense is permitted to be raised in a motion to dismiss if "the time alleged in the statement of a claim shows that that cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). A complaint may be dismissed for untimeliness under Rule 12(b)(6) when its untimeliness is apparent on its face. *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015).

Here, Plaintiff's Complaint explicitly recognizes that the TILA disclosures were provided in June of 2007. (Am. Compl. ¶ 7.) Defendant, therefore, argues that the claim is clearly time-barred. (Def.'s Moving Br. 9-12.) Plaintiff argues, however, that the claim should be equitably tolled. (Pl.'s Opp'n Br. 9-16, ECF No. 22.)

Equitable tolling is appropriate when: (1) "the defendant . . . actively misled the plaintiff [regarding] the plaintiff's cause of action"; (2) "the plaintiff in some extraordinary way has been prevented from asserting his or her rights"; or (3) "the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Plaintiff argues that the doctrine is appropriate because the Bank actively mislead Plaintiff. Specifically, Plaintiff argues that his claim is timely because Plaintiff was "initially unaware" that his mortgage was a simple interest mortgage and he brought the lawsuit within one year of discovering the nature of the loan "and Defendant's TILA violations." (*Id.* at 16.)

---

[3] In addition to the requirement that the disclosures be inaccurate, to have an actionable claim, a plaintiff must also show that he or she detrimentally relied on the faulty disclosures and suffered actual damages. *Vallies v. Sky Bank*, 591 F.3d 152, 157 (3d Cir. 2009).

5

The allegations in Plaintiff's Amended Complaint do not support equitable tolling in these circumstances. Plaintiff's Amended Complaint acknowledges that Plaintiff was in possession of the loan documents explaining how the figure on the first page was calculated but did not read the document until after he noticed a discrepancy ten years later. (Am. Compl. ¶¶ 11-14, 25, 31.) Plaintiff, therefore, cannot now claim that tolling should apply because of Plaintiff's own failure to review the loan documents. *See Oshiver*, 38 F.3d at 1390 (holding that for equitable tolling to be appropriate, a plaintiff must show "that he or she could not, by the exercise of reasonable diligence, have discovered the essential information bearing on his or her claim."). Plaintiff's claim that the documents he signed to skip payments were misleading is also insufficient. Notwithstanding the fact that the last "representation" occurred in 2012, the document merely stated "[i]nterest will continue to accrue on the entire outstanding balance, including the month I skip my payment." (*Id.* ¶ 30.) This is not the type of active misleading that would necessitate the extraordinary remedy of equitable tolling. *See Sch. Dist. v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981) ("The tolling exception is not an open-ended invitation to the courts to disregard limitations periods simply because they bar what may be an otherwise meritorious cause. We may not ignore the legislative intent to grant the defendant a period of repose after the limitations period has expired."). Further, Plaintiff's claim that the Bank had been reporting the mortgage to credit reporting agencies as a "Conventional [Real Estate] Mortgage" (Am. Compl. ¶ 31) also does not satisfy the standard, especially when, as here, Plaintiff has not even pled that he saw or relied upon the reporting.

Here, therefore, taking all of the allegations in Plaintiff's Amended Complaint as true, equitable tolling is inappropriate on the complaint currently before the Court.[4]

2. **State Law Claims**

In addition to his TILA claim, Plaintiff pled state law claims. As Plaintiff's only federal claim is time-barred, however, and as Plaintiff's only asserted basis for federal jurisdiction is 28 U.S.C. § 1331 (Am. Compl. ¶ 5), the Court declines to exercise jurisdiction over the state law claims. *See* 28 U.S.C. § 1367 ("A district court may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."); *See also Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992).

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 15, 2018

---

[4] The Court will provide Plaintiff with an opportunity to amend the Complaint to allege sufficient facts to support equitable tolling.