UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL AVERSANO, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

SANTANDER BANK, N.A.,

    Defendant.

Civil Action No. 17-12694 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Santander Bank's ("Defendant") Second Motion to Dismiss. (ECF No. 32.) Plaintiff Paul Aversano ("Plaintiff") opposed (ECF No. 34), and Defendant replied (ECF No. 38). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

**I.    Background**[1]

On June 26, 2007, Plaintiff obtained a second mortgage on his property from Defendant with a 7.24 percent interest rate.[2] (Second Am. Compl. ("SAC") ¶¶ 9, 10, ECF No. 28.) A Truth-in-Lending-Act ("TILA") disclosure ("Disclosure"), 28 U.S.C. §§ 1601-1693, appeared on the first page of the mortgage form, showing an "interest rate [of 7.24%], total cost of credit

---

[1] For the purpose of this Motion to Dismiss, the Court accepts as true all well-pled facts in the Second Amended Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] Plaintiff obtained the initial loan from Sovereign Bank, which Plaintiff avers later "rebrand[ed]" as Santander Bank. (SAC ¶¶ 4, 8, 23.)

($363,348.40), the amount of credit provided ($250,000) and the amount [Plaintiff] will have paid after making all scheduled payments ($613,348.40)." (*Id.* ¶ 13.) Plaintiff was required to make 360 payments of $1,703.74, due on the 30th day of each month, beginning on July 30, 2007. (*Id.* ¶ 14.) The Disclosure indicated that when the letter "e" was appended to a number, the figure was an estimate. (*Id.* ¶ 16.) The Disclosure provided Plaintiff would be charged a late fee for payments more than 15 days late, which Plaintiff alleges was a grace period that is included in most conventional mortgages. (*Id.* ¶ 22.) Plaintiff checked the payment calculations against an online calculator to confirm they were correct for a conventional mortgage. (*Id.* ¶ 15.)

Plaintiff made regular payments to Defendant from 2007 to 2017. (*Id.* ¶ 23.) Plaintiff reviewed his Equifax credit monitoring account during this period and noted Defendant reported the loan as a "Conventional RE [Real Estate] Mortgage". (*Id.* ¶¶ 35-37.) Plaintiff skipped four payments—February 2009, February 2010, February 2011, and February 2012— extending the mortgage's duration by four months. (*Id.* ¶ 36.) Each time, Defendant advised Plaintiff that "interest will continue to accrue on the entire outstanding balance, including the month [Plaintiff] skip[s] [his] payment." (*Id.*)

Plaintiff contemplated refinancing the loan and contacted Defendant in July 2017 to ask for the loan payoff amount. (*Id.* ¶ 30.) Defendant advised Plaintiff the loan payoff was about $11,000 higher than Plaintiff calculated. (*Id.* ¶ 31.) Defendant reported the discrepancy was due to interest being compounded daily, as a simple interest loan ("SIM"). (*Id.* ¶¶ 32, 33.) Plaintiff believes Defendant "took the . . . position" that the mortgage was a SIM based on paragraph 4 on page 4 of the note, which states "[i]nterest is imposed each day at the daily equivalent of the annual rate . . . ." (*Id.* ¶ 37; Ex. 1, ECF No. 28-1.)

2

Plaintiff contends Defendant violated a number of TILA provisions. Plaintiff argues Defendant misrepresented the nature of the loan because (1) the Disclosure on the front of the loan packet "showed interest compounding monthly", (2) the Disclosure did not state that any figures were the result of estimate, (3) Defendant "had represented to [Plaintiff], repeatedly, that interest accrued monthly", and (4) Defendant reported the mortgage as a "Conventional [Real Estate] Mortgage" to credit reporting agencies. (SAC ¶ 37.)

Plaintiff filed a putative class action Complaint on December 6, 2017. (Compl., ECF No. 1.) He filed an Amended Complaint on February 26, 2018, which Defendant moved to dismiss. (Am. Compl., ECF No. 12; Mar. 19, 2018 Mot. to Dismiss, ECF No. 18.) The Court found the allegations in the Amended Complaint did not support equitable tolling and, therefore, dismissed the TILA claims for untimeliness. (Oct. 15, 2018 Mem. Op. 6, ECF No. 26; Oct. 15, 2018 Order, ECF No. 27.) The Court, however, permitted Plaintiff to file a Second Amended Complaint, which he submitted on November 11, 2018. (Oct. 15, 2018 Order; SAC.) Defendant's instant Motion to Dismiss pertains to Plaintiff's Second Amended Complaint, which asserts: (1) a violation of TILA; (2) breach of contract; (3) common law fraud; (4) fraudulent inducement; (5) violations of the New Jersey Consumer Fraud Act; and (6) unjust enrichment. (Mot. to Dismiss, ECF No. 32; SAC ¶¶ 69-108.)

## II. Legal Standard

A district court must conduct a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure[3] 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must take "note of the elements a plaintiff must plead to state a claim . . . ." *Malleus*, 641 F.3d at 563 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next,

---

[3] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

3

the court must review the complaint to strike conclusory allegations. *Id.* Finally, the court will accept as true all of the plaintiff's well-pled factual allegations in the light most favorable to the plaintiff and determine whether the elements identified in part one are sufficiently alleged. *Id.*; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In accepting the plaintiff's factual allegations, the Court may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Ashcroft*, 556 U.S. at 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the Court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### III. Discussion

#### A. Plaintiff Fails to Demonstrate Equitable Tolling Applies

Defendant argues the SAC does not state a viable TILA claim and the TILA claim is also time-barred. (Def.'s Moving Br. 9-17, ECF No. 32-1.) TILA requires lenders to make certain disclosures, such as the payment schedule, annual percentage rate, and charges imposed due to late payments. 15 U.S.C. § 1639(a)-(k). A party has a private right of action against the lender if the TILA disclosures are inaccurate. 15 U.S.C. § 1640(a). A plaintiff may bring an action within one year of the date the loan closed. 15 U.S.C. § 1640(e); *see also In re Comm. Bank of N. Va.*, 622 F.3d 275, 283 (3d Cir. 2010).

4

"A statute of limitations defense is an affirmative defense that a defendant must usually plead in his [or her] answer." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). A statute of limitations defense can also be raised via a Rule 12(b)(6) motion "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt*, 770 F.3d at 249 (citation omitted). The Court may only grant the instant motion "if the face of the complaint demonstrates that the plaintiff's claims are untimely." *Stephens*, 796 F.3d at 288 (internal quotation marks and citations omitted). Here, it is apparent from the face of Plaintiff's Second Amended Complaint he initiated this action ten years after he received the loan agreement, well beyond the expiration of the one-year statute of limitations.

Once a defendant has successfully raised a statute of limitations defense to a claim, it generally is the plaintiff's burden to show the statute of limitations should be equitably tolled. *Schmidt*, 770 F.3d at 251. "At the motion to dismiss stage, a plaintiff who seeks to invoke equitable tolling need only 'plead the applicability of the doctrine.'" *Perelman v. Perelman*, 545 F. App'x 142, 151 (3d Cir. 2013) (*quoting Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994) (*abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018))).

Here, Plaintiff fails to plead the applicability of equitable tolling because he has not alleged facts showing concealment by Defendant. Equitable tolling is applied "sparingly" and only in the following circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights

5

mistakenly in the wrong forum." *Glover v. Fed. Deposit Ins.*, 698 F.3d 149, 151 (3d Cir. 2012) (citation omitted).

Plaintiff argues the doctrine applies because he did not know his mortgage was a SIM and he brought suit within a year of discovering the nature of the loan and the alleged TILA violations. (Pl.'s Opp'n Br. 15-18, ECF No. 34.) Plaintiff avers his claim should be equitably tolled because: (1) a representative of Defendant told Plaintiff the figures in the Disclosure were accurate; (2) Defendant sent Plaintiff monthly statements reflecting the same monthly amount due; (3) the documents Plaintiff received when he skipped payments represented that "interest will continue to accrue on the entire outstanding balance, including the month [Plaintiff] skip[s] [his] payment"; and (4) Plaintiff's Equifax account showed Defendant reported the loan as a "Conventional [Real Estate] Mortgage" and Plaintiff relied on these representations. (*Id* at 7, 16-17.)

The Court construes Plaintiff to argue for equitable tolling based upon a theory of fraudulent concealment. *See Weiss v. Bank of Am. Corp.*, 153 F. Supp. 3d 831, 837 n.1 (W.D. Pa. 2015) (inferring from the plaintiff's allegations the plaintiff was invoking a theory of fraudulent concealment). Fraudulent concealment will toll the statute of limitations if the accrual date of a claim has passed but the "plaintiff's cause of action has been obscured by the defendant's conduct." *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 401 (3d Cir. 2015) (citation omitted). The plaintiff has the burden of proving fraudulent concealment, which requires a three-part showing: "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of [his] claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to [his] lack of reasonable due diligence in attempting to uncover the relevant facts." *Cetel v. Kirwan Fin. Grp.*, 460 F.3d 494, 509 (3d Cir. 2006). The Third Circuit has emphasized a "plaintiff must show active misleading by the

defendant," *Forbes v. Eagleson*, 228 F.3d 471, 487 (3d Cir. 2000), and "mere silence or nondisclosure is not enough." *Garczynski v. Countrywide Home Loans, Inc.*, 656 F. Supp. 2d 505, 516 (E.D. Pa. 2009) (citation and internal quotation marks omitted); *see also White v. PNC Fin. Serv. Grp., Inc.*, No. 11-7928, 2014 WL 4063344, at *3 (E.D. Pa. Aug. 18, 2014).

Plaintiff alleges he relied upon the Disclosure and the representations of Defendant's agents that "the number of payments, the amount of payments, the finance charge and total of payments present in the Disclosure were accurate" in entering into the mortgage. (SAC ¶¶ 17-19.) Moreover, Plaintiff alleges the Disclosure "reflected a conventional mortgage." (*Id.* ¶ 20.) Although Plaintiff disputes the accuracy of the Disclosure, he does not aver the figures Defendant provided him were inaccurate for a SIM. (*See, e.g., id.* ¶¶ 13-17.)

Plaintiff acknowledges he possessed loan documents explaining how the interest on the loan was calculated, which includes page 4 of the note, explicitly stating "interest [on the loan] is imposed each day . . . ." (*Id.* ¶ 37; Ex. 1.) Plaintiff, however, did not notice this until ten years after he received the mortgage. (SAC ¶ 37.) Plaintiff cannot argue equitable tolling should apply as a result of Plaintiff's own failure to read the loan packet. *See Oshiver*, 38 F.3d at 1390 ("For equitable tolling . . . the plaintiff need show . . . that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim.")

Moreover, Plaintiff's claims that the documents he received when he skipped payments "affirmatively advised that interest accrued monthly on the loan" and that Defendant had been reporting the mortgage to credit agencies as a "Conventional [Real Estate] Mortgage" are also insufficient to plead applicability of equitable tolling. (SAC ¶ 35-37.) As noted in the Court's first dismissal, these documents did not create "the type of active misleading that would necessitate the extraordinary remedy of equitable tolling." (Oct. 15, 2018 Mem. Op. 6.) Additionally,

7

although Plaintiff pled he saw and relied upon Defendant's reports of his mortgage to credit agencies, this still does not show Defendant actively misled Plaintiff, particularly because Plaintiff himself had a copy of the loan agreement. *See Morilus v. Countrywide Home Loans, Inc.*, 651 F. Supp. 2d 292, 305 (E.D. Pa. 2008) (finding equitable tolling did not apply because the defendants did not conceal the contested finance agreement charges and the plaintiffs had a copy of the lending disclosure); *see also In re Roberson*, 262 B.R. 312, 321-22 (Bankr. E.D. Pa. 2001) (granting a motion for judgment on the pleadings for TILA claim where the plaintiff asserted equitable tolling but did not read the promissory note).

Finally, although Plaintiff alleges the Disclosure was inaccurate and that he relied on it, Plaintiff does not actually claim the numbers on the Disclosure were inaccurate for a SIM. (*See, e.g.,* SAC ¶¶ 13-20, 32, 37, 38; Pl.'s Opp'n Br. 12-14.) Thus, because the mortgage documents explicitly provided "[i]nterest is imposed each day at the daily equivalent of the annual rate", and the figures Defendant provided were, in fact, accurate for a SIM, Plaintiff's fraudulent concealment arguments fail. (Ex. 1); *Compare Perelman*, 545 F. App'x at 151 (finding the plaintiff had not pled the applicability of equitable tolling when he had documents showing breach of contract) *with Smith v. EquiCredit Corp.*, No. 01-4326, 2002 WL 32349873, at *6 (E.D. Pa. Oct. 4, 2002) (finding equitable tolling did apply when the plaintiff had a mental illness, the defendant issued a loan in a larger amount and with a higher interest rate than the plaintiff had applied for without notifying the plaintiff, and the defendant refused to rescind the loan); *see also Wise v. Mortg. Lenders Network*, 420 F. Supp. 2d 389, 394-95 (E.D. Pa. 2008) (finding the plaintiff pled facts sufficient for an assertion of equitable tolling to survive a motion to dismiss when the plaintiff alleged the defendant promised to refinance the loan and failed to respond to a

correspondence of rescission). The Court, accordingly, finds Plaintiff fails to plead sufficient facts that would allow the Court to apply equitable tolling.

### B. State Law Claims

Plaintiff pled state law claims in addition to his TILA claim. (SAC ¶¶ 80-108.) Plaintiff's only asserted basis for jurisdiction is 28 U.S.C. § 1331, and Plaintiff has failed to demonstrate the Court should equitably toll his only federal claim. The Court, therefore, declines to exercise jurisdiction over Plaintiff's state law claims until such time Plaintiff establishes this matter may proceed under federal question jurisdiction. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."); *see also Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992).

## IV. Conclusion

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. The Court also grants Plaintiff one final opportunity to allege sufficient facts to support equitable tolling. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 26, 2019